# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 03-2820V
(Not to be published)

```
* * * * * * * * * * * * * * * * * * * * * * * * *
                                                  *
HARRY TEMBENIS                                    *
and GINA TEMBENIS,                                *
administrators of the estate                      *
of Elias Tembenis, deceased,                      *
                                                  *
                    Petitioners,                  *
                                                  *    Filed:  September 30, 2014
          v.                                      *
                                                  *    Decision on Attorneys' Costs
SECRETARY OF HEALTH AND                           *
HUMAN SERVICES                                    *
                                                  *
                    Respondent.                   *
                                                  *
* * * * * * * * * * * * * * * * * * * * * * * * *
```

## DECISION[1] (ATTORNEYS' COSTS)

   In this case under the National Vaccine Injury Compensation Program,[2] Petitioners filed an application for reimbursement of Petitioners' litigation costs, on September 29, 2014. Petitioners request an award of $3,647.53 for their litigation costs. Respondent filed a Response to the application, on September 29, 2014, indicating that Respondent has no objection to Petitioners' request.

   I find that this petition was brought in good faith and that there existed a reasonable basis for the claim. Therefore, an award for litigation costs is appropriate, pursuant to 42 U.S.C. § 300aa-15(b) and (e)(1). Further, the proposed amount seems reasonable and appropriate.

---

[1] The undersigned intends to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party (1) that is trade secret or commercial or financial information and is privileged or confidential, or (2) that are medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, "the entire" decision will be available to the public. Id.

[2] The applicable statutory provisions defining the program are found at 42 U.S.C. § 300aa-10 et seq. (2006).

**Accordingly, I hereby award the total $3,647.53 as a lump sum in the form of a check payable jointly to petitioners and petitioners' counsel, Ronald C. Homer.**

In the absence of a timely-filed motion for review filed pursuant to Appendix B of the Rules of the U.S. Court of Federal Claims, the clerk of the court shall enter judgment in accordance herewith.[3]

**IT IS SO ORDERED**

                                                    /s/ George L. Hastings, Jr.
                                                      George L. Hastings, Jr.
                                                        Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing the right to seek review.